Sheehan & Associates, P.C.

505 Northern Boulevard, Suite 311, Great Neck, NY 11021
tel. 516.303.0552
fax 516.234.7800
spencer@spencersheehan.com

December 23, 2019

District Judge Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  1:19-cv-11242-VM
 Louis v. The Mochi Ice Cream Company

Dear District Judge Marrero:

This office represents the plaintiff.  On Sunday, December 8, 2019, plaintiff filed the instant complaint.  ECF No. 1.  In accordance with your Honor's Individual Practices ("Individual Rules"), II(A), plaintiff seeks leave of Court to amend the complaint pursuant to Fed. R. Civ. P. 15(a)(2) (provisions for amendments not sought within 21 days after service of the complaint or after service of a motion under Rule 12(b), (e), or (f)).

The rules governing amendment of a complaint differ depending on when it is sought. Where a plaintiff seeks to amend within 21 days after service of the complaint or defendant's "service of a motion under Rule 12(b), (e), or (f)," Rule 15(a)(1) permits such amendment as a "matter of course." *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 242 (2d Cir. 2007) ("Rule 15(a) of the Federal Rules of Civil Procedure provides in the first sentence that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.").

In all other circumstances, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *Attestor Value Master Fund v. REPUBLIC ARGENTINA*, 940 F.3d 825, 833 (2d Cir. 2019) (upholding "Rule 15(a)(2)'s "liberal standard" as "consistent with our strong preference for resolving disputes on the merits.'"").  Factors evaluated in considering amendment include "undue delay, bad faith, dilatory motive," undue prejudice and futility. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The present request for amendment falls under Rule 15(a)(2) because service of process has not been effected, or attempted and defendant has not answered or appeared.

Plaintiff seeks the Court's leave to file a first amended complaint ("FAC") and add as party-plaintiff, Kyle Stevens. *See* Fed. R. Civ. P. 15(a)(2) ("a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."); Fed. R. Civ. P. 20(a)(1)(A) (joinder of plaintiff who asserts "right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"); Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

The standard for adding a party is similar to allowing amendment. *See FTD Corp. v. Banker's Trust Co.*, 954 F. Supp. 106, 109 (S.D.N.Y. 1997) ("[A]lthough Rule 21, and not Rule

15(a), normally governs the addition of new parties to an action, 'the same standard of liberality' applies under either Rule"); *Omar v. 1 Front Street Grimaldi, Inc.*, 16-cv-05824 (E.D.N.Y. May 8, 2018) ("there 'is in practical terms little difference between [Rule 21]' and Rule 15"); *Sullivan v. West New York Residential, Inc.*, 2003 WL 21056888, at *1 (E.D.N.Y. Mar. 5, 2003) ("Rule 21 allows the court broad discretion to permit the addition of a party at any stage in the litigation").

In deciding whether to permit joinder, courts consider "whether the claims of the additional plaintiffs arose out of the same or separate acts or occurrences." *Cortigiano v. Oceanview Manor Home for Adults*, 04-cv-4077 (E.D.N.Y. Apr. 4, 2005); Fed. R. Civ. P. 20(a)(1) (allowing joinder where plaintiff asserts a right to relief from same occurrences and questions of law and fact are common). Here, the claims of proposed plaintiff, Stevens, are similar to those of plaintiff Louis.

This request for amendment is timely because this case was only filed just over two weeks ago. This amendment is not in bad faith or prejudicial to defendant, since the amendment will not change any allegations against defendant. The only modification in the proposed amended complaint will be the addition of plaintiff Kyle Stevens. Defendant has not consented to this amendment because no defendant has appeared and there is no counsel associated with defendant's case. Amendment through addition of proposed plaintiff Stevens will enable plaintiff to serve only the FAC, facilitate the parties addressing the issues in this case on the merits and conserve judicial resources.

Should the Court grant this request, plaintiff will promptly file the FAC which contains the added plaintiff Kyle Stevens. Thank you for the attention to this matter.

Respectfully submitted,

  /s/Spencer Sheehan
Spencer Sheehan

2

## Certificate of Service

I certify that on December 23, 2019, I served or emailed the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email |
|---|---|---|---|
| Defendant's Counsel | ☐ | ☐ | ☐ |

 /s/ Spencer Sheehan 
Spencer Sheehan